UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRACY LAVAIL COLLIER, | ) | NO. ED CV 18-0432-CBM(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| DEBBIE ASUNCION, PROVOST, | ) | |
| Respondent. | ) | |

On March 2, 2018, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." The Petition challenges Petitioner's 1992 conviction and sentence in San Bernardino Superior Court No. CR-56699 (Petition at 2). Petitioner previously challenged the same conviction and sentence in a habeas petition filed in this Court in 1996. See Collier v. Prunty, No. 96-0248-AAH(E) ("the prior habeas petition"). By Judgment entered May 17, 1996, this Court denied and dismissed the prior habeas petition with prejudice. The basis for this denial and dismissal was a procedural default by Petitioner.

///

1 | The Court must dismiss the present Petition in accordance with
2 | 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
3 | Effective Death Penalty Act of 1996"). Section 2244(b) requires that
4 | a petitioner seeking to file a "second or successive" habeas petition
5 | first obtain authorization from the Court of Appeals. See Burton v.
6 | Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
7 | authorization from Court of Appeals before filing second or successive
8 | petition, "the District Court was without jurisdiction to entertain
9 | [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
10 | 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
11 | requires the permission of the court of appeals before 'a second or
12 | successive habeas application under § 2254' may be commenced"). A
13 | petition need not be repetitive to be "second or successive," within
14 | the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.
15 | Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
16 | (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
17 | Mar. 6, 2008). "[A] denial on grounds of procedural default
18 | constitutes a disposition on the merits and thus renders a subsequent
19 | § 2254 petition or § 2255 motion 'second or successive' for purposes
20 | of the AEDPA." Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.),
21 | cert. denied, 546 U.S. 884 (2005); accord McNabb v. Yates, 576 F.3d
22 | 1028, 1029 (9th Cir. 2009). Petitioner evidently has not yet obtained
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

| | |
|---|---|
| 1 | authorization from the Ninth Circuit Court of Appeals.[1]  Consequently, |
| 2 | this Court cannot entertain the present Petition.  See Burton v. |
| 3 | Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 |
| 4 | Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain |
| 5 | authorization from the Court of Appeals to file a second or successive |
| 6 | petition, "the district court lacks jurisdiction to consider the |
| 7 | petition and should dismiss it.") (citation omitted).[2] |
| 8 | /// |
| 9 | /// |
| 10 | /// |
| 11 | /// |
| 12 | /// |
| 13 | /// |
| 14 | /// |
| 15 | /// |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov does not reflect that anyone named Tracy Collier has received authorization to file a second or successive petition.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[2] Twice previously this Court has denied as "second or successive" habeas petitions in which Petitioner attempted to challenge his 1992 conviction and sentence.  See Collier v. Bisby, ED CV 10-1737-CBM(E); Collier v. Dextor, ED CV 08-122-CBM(E).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 12, 2018.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

PRESENTED this 7th day
of March, 2018, by:

        /s/
_____
     CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Assuming arguendo that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein. It is apparent that Petitioner submitted the present Petition to this Court intentionally rather than mistakenly.

4